# IN THE SUPERIOR COURT OF GUAM

PACIFIC DATA SYSTEMS INC., )      Civil Case no. CV0335-13

                Plaintiff, )

vs. )

                   )      **DECISION AND ORDER**

GENERAL SERVICES AGENCY, )
GOVERNMENT OF GUAM, )

             Defendant, )

and )

TELEGUAM HOULDINGS, LLC, )

       Real Party in Interest. )

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Plaintiff's civil action appeal from the Guam Public Auditor's decision was taken under advisement by the Court on November 10, 2013. Plaintiff is represented by attorney Bill R. Mann. Real Party in Interest (hereafter GTA) is represented by attorney Elyze M Iriarte. After having carefully considered, received, and reviewed the arguments, papers, and the file herein the Court hereby issues this decision and order DENYING Plaintiff's appeal.

## BACKGROUND

This case arises out of a March 20, 2013, complaint appealing the Guam Public Auditor's March 6, 2013 consolidated decision. In it Plaintiff complains of Defendant's award of Revised Bid Form 10 to GTA. Bid Form 10 was related to certain digital networking services. Plaintiff's protest of the award asserted that the Defendant should have rejected GTA's bid upon the following grounds: 1) GTA did not submit a valid Affidavit Disclosing Ownership and Commission; 2) GTA improperly conditioned its bid, including mandatory

terms which contradicted the originating IFB; and 3) GTA's bid was an improper joint submission by Teleguam Holdings LLC, GTA Telecom LLC, GTA Services LLC, and Pulse Mobile LLC.

On September 25, 2013, Plaintiff filed a paper entitled, Opening Brief of Pacific Data Systems, Inc. on Appeal from Public Auditor's Decision. In it Plaintiff argues that the bid award to GTA should be vacated under the clear error standard of 5 GCA § 5704. In support this request Plaintiff first cites to the ownership disclosure mandates of 5 GCA § 5233 and asserts that GTA did not disclose Shamrock Teleguam Holdings LLC's 89% prior ownership interest. Plaintiff argues that Defendant improperly allowed GTA to correct its Shareholder affidavit. To support this argument Plaintiff cites to a prior decision of the Public Auditor which held a GTA bid was void *ab initio* for a similar failure. Plaintiff argues that the Public Auditor's decision allowing the subsequent amendment in this case conflicts with its prior decision and is not factually or legally distinguishable.

Second, Plaintiff cites to the terms and conditions included within GTA's bid. It asserts that the bid included a right to impose an early termination fee, a warranty of service disclaimer, and a security deposit requirement. Plaintiff argues that these terms also voided GTA's bid and that the Public Auditor erred when it held that GTA's terms were merely offers and non-binding upon the Defendants. In support of this argument Plaintiff distinguishes the Public Auditor's reliance upon a prior decision, cites to the mandates of 2 GAR § 3109(m)(4), and argues that logically extending the Public Auditor's decision would devalue the necessity of any bidding rules or regulations.

Last Plaintiff argues that GTA's bid impermissibly joined GTA's wholly owned but legally separate subsidiaries. Plaintiff argues that Public Auditor failed to adequately analyze or support its decision as to this last protest.

GTA filed its opposition to Plaintiff's brief on October 28, 2013. In it GTA asserts that Plaintiff has failed to meet its burden of review under 5 GCA § 5704 to show that the Public Auditor's decision was arbitrary capricious, fraudulent, clearly erroneous, or contrary to law. Citing to Section 5211(f) of Title 5 of the Guam Code and Subsection (m)(1), (m)(3) and (m)(4)(B) of Title 2 of the Guam Administrative Rules, GTA argues that the Public Auditor's decision to allow the correction of its bid was permissible and not prejudicial. GTA also argues that the Public Auditor's conclusions as to GTA's mistaken inclusion of additional terms, were within the Public Auditor's prior precedent and allowable when all the material aspects of the IFB were met. Lastly GTA argues that Public auditor correctly held its joint bid, which included its wholly owned subsidiaries, was valid, there being no law prohibiting it.

Plaintiff filed its reply on November 12, 2013. In it Plaintiff reiterates its argument that the Public Auditor's decision is legally indistinguishable and contrary to it prior decision, *In the Appeal of Pacific Data Systems, Inc.*, OPA-PA-10-005. It further reasserts that the Public Auditor's prior decision was better reasoned and supported. Second Plaintiff argues that the Public Auditor's decision, as to GTA's inclusion of extraneous terms and conditions, permits the purchasing agent much more discretion than is permitted by the procurement law. It also argues and asserts that Defendant failed to comply with 2 GAR § 3109(m)(6) allowing for the removal of the GTA's extra terms and conditions.

Third while Plaintiff concedes it did not cite to any law disallowing the submission of a joint-entity bid, it argues that GTA likewise failed to cite to any law permitting such a submission. Plaintiff reasons that the bid should be voided because it was not structured to allow for one responsible party. Lastly Plaintiff's reply includes an argument that this Court's decision shall be binding upon GTA's entire bid and may have an effect of making the other pending appeals moot.

## DISCUSSION

**I.**

Section 5704 of Title 5 of the Guam Code outlines the standard by which this Court is to review an appeal from a decision of the Guam Public Auditor. 5 GCA § 5704. This section requires that a plaintiff-appellant show that the public auditor's decision was, "arbitrary, capricious, fraudulent, clearly erroneous, or contrary to law." *Id.* It also requires that the Court apply "great weight and the benefit of reasonable doubt" to "any determination regarding the application or interpretation of the procurement law or [its] regulations." *Id.* On appeal findings of clear error are consistently reserved for the review of a lower body's findings of fact. *Babauta v. Babauta*, 2013 Guam 1 ¶ 17. An abuse of discretion review is similarly most often defined as a decision, "based on an erroneous conclusion of law or where the record contains no evidence on which the judge could have rationally based the decision." *Stahl v. Stahl*, 2013 Guam 26 ¶ 8.

In this case Plaintiff requests that the Public Auditor's March 6, 2013 decision be reversed and remanded with instructions to entirely reject GTA's bid in IF-064-011 and make revised awards to the next lowest responsible bidder. Reply at 11. However, Plaintiff does not specifically assert, analyze or support how the Public Auditor's decision, when given great weight and the benefit of reasonable doubt, fails under the appropriate standard.

**II.**

Plaintiff first asserts and argues that the Public Auditor's decision was contrary and undistinguishable from its decision in, *In the Appeal of Pacific Data Systems*, Inc., OPA-PA-10-005. Mot. at 4-5. However, even given this, a decision whose disposition is in conflict with a prior decision does not necessarily amount to an abuse of discretion, clear error, arbitrariness or fraud. *Stahl v. Stahl*, 2013 Guam 26 ¶ 8. Plaintiff argues that the Public Auditor's prior

decision was better for public policy, however, whether one decision better expresses the policy of the procurement law is not a recognized basis for reversal. 5 GCA § 5704; Reply at 2-3.

III.

Second Plaintiff argues that GTA's bid was rendered non-responsive by 5 GCA § 5201(g) when it improperly conditioned its bid with extraneous terms. Section 5201(g) of Title 5 defines the term 'responsive bidder' as it is used in the procurement regulations, it provides that a, "Responsive Bidder means a person who has submitted a bid which conforms in all material respects to the Invitation for Bids." 5 GCA § 5201(g). In its March 6, 2013 decision the Public Auditor found that GTA included with its bid additional terms which conflicted with certain IFB requirements. *In the Appeal of Pacific Data Systems, Inc.*, OPA-PA-12-017 at 10 ¶ 15. It also found that,

> 17. By signing the IFB, GTA agreed to perform and be bound by all of the IFB terms and conditions;
> 18. GTA admitted that its submission of additional terms and conditions in its Bid was a mistake and that it agreed that it would be bound by all of the IFB terms and conditions;
> 19. GTA was bound to perform according to the IFB's terms and conditions;
> 20. GTA accepted all terms and conditions in the IFB;
> 21. GSA was free to reject any additional terms offered by any bidder, including those terms mistakenly submitted by GTA; and
> 22. In making its decision regarding the bid, GSA did not consider the additional terms and conditions submitted by GTA in its Bid.

*Id.* at 10 ¶¶ 17-22. In reference to these findings the Public Auditor concluded that, "GTA made a mistake when it included in its Bid additional terms and conditions. The inclusion of additional terms by a bidder may be viewed merely as offers which a purchasing agency may reject and the bidder remains bound to the specific terms and conditions contained in an IFB." *Id.* at 10 ¶ 9. The Public Auditor further concluded that, "In making its decision regarding the bid, GSA did not consider the additional terms and conditions, and any additional terms and conditions submitted by GTA were deemed rejected." *Id.* at 11. Reviewing these findings under

the appropriate standard the Court is not persuaded that the Public Auditor erred or that GTA's bid did not contain sufficient information to conform in all material respects to the invitation for bids. 5 GCA § 5704.

**IV.**

Last it is the Plaintiff's burden to show that the Public Auditor's decision exceeded the discretion allowed under the appropriate standard of review. 5 GCA § 5704. Plaintiff argues that allowing for a joint-entity bid is ineffective, inconvenient and impractical for the Government of Guam. Reply at 6-7. It also argues that the Public Auditor's decision was not adequately analyzed or supported. While these arguments may indeed be true they are not sufficient to support and sustain a reversal under the applicable standard. 5 GCA §5704.

**CONCLUSION**

For the above reasons Plaintiff's appeal is DENIED.

SO ORDERED, this ____11____ day of _____, 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

DEC 11 2013

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam